IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| TERRY L. CONFER, et al | : | CIVIL ACTION |
| --- | --- | --- |
| v. | : | |
| PALL CORP. | : | No. 09-4940 |

MEMORANDUM OPINION

**Goldberg, J.**                                                                                       August 9, 2010

Before the Court is Defendant Pall Corporation's Motion for Summary Judgment, which asserts that Plaintiffs initiated this products liability action after the statute of limitations had expired. However, because Plaintiffs filed a praecipe for writ of summons, albeit incomplete, within the appropriate time period, we will deny the motion.

## BACKGROUND

This dispute involves filtration and fluid monitoring equipment allegedly manufactured by Defendant, which was sold to US airways and installed in their commercial aircraft. During an August 14, 2007 flight, Plaintiffs, who were flight attendants, were in the rear jump seats when debris came out of the airplane vents "showering and covering both Plaintiffs from head to toe." Plaintiffs describe the debris as "little metal shavings, little pieces of paper material, fiberglass particles, [and] powdery substances." The flight returned to the airport and personnel "removed [Defendant's] filters that were defective and had failed and said filters were replaced." Although the plane was able to take off after the vents were replaced, upon descent to its destination, debris was again emitted from the same vents. (Complaint, ¶¶ 5, 9, 11-15).

1

On August 11, 2009, Plaintiffs mailed a praecipe for a writ of summons to the prothonotary's office for the Delaware County Court of Common Pleas. The praecipe was delivered to the prothonotary on August 12, 2009. On August 13, 2009, the prothonotary's office contacted Plaintiffs' counsel to request that counsel fax a cover sheet for the praecipe. Counsel complied that same day. On August 14, 2009, the prothonotary time-stamped the praecipe for writ of summons for that date, however, on August 17, 2009, the prothonotary returned the praecipe with the time-stamp "August 14, 2009" crossed out and informed Plaintiffs' counsel that the praecipe had not been prepared correctly. Plaintiffs' praecipe was allegedly defective because it failed to include a copy of the requested writ of summons. (Plaintiffs' Exs. 1, 2, and 3; Defendant's Brief, p. 5).

On August 17, 2009, Plaintiffs' counsel sent the prothonotary the properly completed forms and requested that August 14, 2009, remain the filing date of record. (Plaintiffs' Ex. 4). On August 20, 2009, the prothonotary received and time-stamped the mailing, however the time-stamp on the praecipe was changed by hand from August 20, 2009 to August 14, 2009. Plaintiffs' counsel later forwarded the requisite filing fee, which was received by the prothonotary on August 24, 2009.

Plaintiffs subsequently filed their complaint in the Delaware County Court of Common Pleas, alleging strict liability, breach of warranty, and negligence. Defendant removed the case to this Court. On November 4, 2009, Defendant filed a motion to dismiss the complaint, which was granted in part, dismissing Plaintiffs' claims for breach of warranty of fitness for a particular purpose. On May 28, 2010, Defendant filed the instant Motion for Summary Judgment, seeking dismissal of the entire complaint and alleging statute of limitations violations.

**LEGAL ANALYSIS**

Summary judgment is proper where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and thus, the "movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-323 (1986). The moving party bears the initial burden of establishing that there is no genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). "In determining whether the moving party has met its burden . . . the facts must be viewed, and all reasonable inferences must be drawn, in the light most favorable to the non-moving party." Brooks v. CBS Radio, Inc., 342 Fed.Appx. 771, 775 (3d Cir. 2009).

Pennsylvania applies a two year statute of limitations to the personal injury claims underlying this action, and thus, Plaintiffs may maintain their suit only if it was commenced on or before August 14, 2009. 42 Pa. C.S. § 5524. Under Pennsylvania law, "[t]he filing of a praecipe for a writ of summons []to commence an action is sufficient to toll the running of the statute of limitations . . . ." Devine v. Hutt, 863 A.2d 1160, 1167 (Pa. Super. Ct. 2004).

Here, it is undisputed that the prothonotary's office for Delaware County received Plaintiffs' praecipe on August 12, 2009. However, Defendant claims that due to alleged filing defects in the praecipe, this submission was insufficient to toll the statute of limitations. Specifically, Defendant points to the August 20, 2009 time-stamp that had been changed by hand and argues that because the defects in the initial praecipe were not cured until after expiration of the statute of limitations, Plaintiffs' claims are barred. We disagree.

"[U]nder Pa.R.C.P. 205.1, [the Rule governing the filing of legal papers, including a praecipe for writ summons], a document is filed when received by the prothonotary, regardless of when it is

3

later time-stamped." Griffin v. Central Sprinkler Corp., 823 A.2d 191, 197 (Pa. Super. Ct. 2003). Accordingly, "[t]he time-stamping of the document is nothing more than a ministerial act following the actual filing . . . ." Id. at 198. Because the prothonotary received Plaintiff's praecipe on August 12, 2009, we find that the praecipe was filed as of that date, two days prior to the statute of limitations. Pennsylvania precedent supports this conclusion.

In Nagy v. Best Home Services, Inc., 829 A.2d 1166 (Pa. Super. Ct. 2003), a Court of Common Pleas prothonotary received a party's notice of appeal from a District Justice order two days before expiration of the filing period, but the prothonotary returned the notice for lack of a signature and failure to include the judgment below. When the party resubmitted its appeal after the filing period, and the prothonotary rejected it as untimely. Id. at 1167. On appeal of that determination, the Pennsylvania Superior Court held that the party had filed his notice of appeal within the requisite time period. Citing Griffin, the court found that the appeal was filed when received by the prothonotary, despite being incomplete. The court based its holding on the limited power granted the prothonotary by the Pennsylvania Rule governing the filing of appeals. Id. at 1168-1170.

We find that the power of a prothonotary to reject a document "is limited to notifying the proper party that the document is defective so that the defect may be corrected through amendment or addendum." Id. This does not include "the power to 'implement' the Rules governing the form of [filings] and to determine, based upon criteria other than the date they are received, which . . . are timely." Id. Because Plaintiffs' praecipe was filed prior to August 14, 2009, and because the prothonotary was limited to notifying Plaintiffs that the praecipe was incomplete, Plaintiffs' praecipe was timely filed despite being incomplete, and their claims are not barred by the statute of

4

limitations.[1]

**CONCLUSION**

For the foregoing reasons, we find that Defendant Pall Corporation's Motion for Summary Judgment is denied. Our Order follows.

---

[1] Defendant also cites to Hartley v. Pennsylvania R.R. Co., 179 A. 440, 441 (Pa. 1935), for the proposition that a defect may not be corrected after the expiration of the statute of limitations. However, Hartley dealt with a plaintiff's attempt to introduce a new cause of action after the statute of limitations where his initial complaint failed to state a valid claim. This is distinguishable from the instant case where, after the statute of limitations, Plaintiffs amended a praecipe for writ of summons to conform to the prothonotary's requirements. Defendant also cites Booher v. Olczak, 797 A.2d 342, 345-46 (Pa. Super. Ct. 2002), to support their argument that the praecipe was not filed, at the earliest, until August 20, 2009. Booher, however, does not support Defendant's position because in that case, the Superior Court held that filing of the praecipe occurs when the document is received regardless of when it is mailed.